IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDY SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:21-CV-1620-X |
| | § | |
| PAULINE CORONADO-NEWTON, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

By order of referenced dated January 18, 2023, this matter has been referred for a settlement conference. This *Order* will control all proceedings relating to the settlement conference.

## I. SCHEDULING

The settlement conference is hereby scheduled for **Wednesday, May 31, 2023 at 1:30 P.M.** in U.S. Magistrate Judge Irma Carrillo Ramirez's courtroom, Room 1566, 1100 Commerce, Dallas, Texas. **Through counsel, all parties must confirm their attendance at least two days prior to the conference by contacting Marie Gonzales at Marie_Gonzales@txnd.uscourts.gov.**

## II. FORMAT

The settlement conference will proceed in a mediation format: opening presentation by each side followed by a joint discussion and private caucusing with each side, unless otherwise agreed by the parties. Both the attorneys and the party representatives will be expected to be fully prepared to participate. All parties are encouraged to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

## III. PREPARATION

Over 95 % of all civil suits settle prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared obtains the best result.

A.     **Pre-conference exchange of offers**

A settlement conference is more likely to be productive if, before the conference, the parties exchanged their initial settlement proposals in writing. Accordingly, **at least 14 days prior to the settlement conference,** counsel for the plaintiff(s) **shall** submit a written itemization of damages and settlement demand to counsel for the defendant(s) with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement.

**No later than 7 days prior to the settlement conference**, defense counsel **shall** submit a written counter-offer to counsel for the plaintiff(s) with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement.

Copies of these letters shall be emailed to chambers at ramirez_orders@txnd.uscourts.gov, on the date submitted to the opposing party. Copies of these letters should **not** be filed with the Clerk's office.

B.     **Settlement documents**

In the event of settlement, the parties will be required to execute an agreement memorializing the terms of settlement ***before*** the settlement conference is formally adjourned. To facilitate this process, the parties are required to exchange proposed settlement documents with their pre-conference settlement proposals. The parties are also encouraged to agree on as many specific terms of the settlement agreements as possible before the conference. Copies of proposed agreements should also be emailed to chambers but should **not** be filed with the Clerk's office.

C.     **Confidential position papers**

The parties may, but are not required to, provide confidential position papers detailing any facts or issues they believe will be helpful to the Court in conducting the settlement conference, but which they choose not to reveal to the opposing side. Any position papers will be destroyed following the settlement conference. ***Position papers SHOULD NOT merely incorporate or attach pending motions for summary judgment or motions to dismiss***. Any position papers shall be delivered or emailed to chambers **no later than three business days before the conference**. Copies of these position papers should **not** be filed with the Clerk's office.

D.     **Client Involvement**

For many clients, this will be the first time they have participated in a court-supervised settlement conference. Counsel must therefore provide a copy of this order to their clients and must discuss with them the issues listed below prior to the settlement conference.

E.     **Issues to be discussed**

Parties should be prepared to discuss the following at the settlement conference:

(1)    What are your objectives in the litigation?

(2)    What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

(3)    Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

(4)    What are the points of agreement and disagreement between the parties? Factual? Legal?

(5)    What are the barriers to settlement?

(6)    What remedies are available through litigation or otherwise?

(7)    Are there possibilities for a creative resolution of the dispute?

(8) Do you have adequate information to discuss settlement? If not, what information do you need? How will this information make a meaningful settlement discussion possible?

(9) Are there outstanding liens? Does a representative of the lienholder need to be included?

## IV. ATTENDANCE OF PARTIES REQUIRED

**All individual parties and party representatives with ultimate settlement authority must be personally present.** An insured party must also appear with a representative of its insurer who is fully authorized to negotiate and provide final approval of **all** terms of settlement, whether monetary or non-monetary. An uninsured or self-insured corporate party, or a governmental entity, must appear via a representative who is fully authorized to negotiate and provide final approval of **all** terms of settlement, whether non-monetary or monetary. Ultimate settlement authority includes, but is not limited to, the authority to provide final approval for a settlement **up to the limits of the opposing party's most recent settlement demand**. Having a client with this authority available by telephone is **not** an acceptable alternative, except under the most extenuating circumstances, and requires **prior approval** by the Court. It is impossible for a party who is not present to appreciate the process and the reasons which may justify a changes in one's perspective towards settlement. Failure to comply with this requirement may result in the rescheduling of the settlement conference at the cost of the non-complying party.

## V. CONFIDENTIALITY

Parties are encouraged to be frank and open in their discussions. Unless otherwise agreed by the parties, all conversations and materials produced during the settlement conference are confidential and shall not be used or disclosed to any outside person or entity and will not be

admissible at trial. Unless otherwise agreed by the parties, any brief, document, or other materials supplied by a party shall be returned to the party providing it, upon termination of the settlement conference. Any notes taken by a party concerning the proceedings shall be destroyed upon termination of the settlement conference. No recording of any kind shall be made of any of the proceedings. Unless otherwise agreed by the parties, the parties shall not introduce as evidence in any judicial or arbitration proceeding: (1) any view expressed or suggestion made by a party with respect to possible settlement; (2) any admission made by a party during the settlement conference; (3) any proposal made or view expressed by the judge; or (4) the fact that a party did or did not indicate willingness to accept any proposal for settlement made at the settlement conference.

## VI.  SANCTIONS

Failure to comply with this order, or to attend the conference, without obtaining prior permission shall result in appropriate sanctions.

**SO ORDERED,** on March 30, 2023.

                                                                                     _____
                                                                                     IRMA CARRILLO RAMIREZ
                                                                                     UNITED STATES MAGISTRATE JUDGE